**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 15, 2016

LETTER TO COUNSEL

RE:   *Myra Boyce v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-2637

Dear Counsel:

On September 8, 2015, Plaintiff Myra Boyce petitioned this Court to review the Social Security Administration's ("SSA") final decisions to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Boyce filed her claim for SSI on April 21, 2009. (Tr. 248-51). She alleged a disability onset date of November 1, 2006. (Tr. 55, 248). Her claims were denied initially and on reconsideration. (Tr. 154-57, 161-62). A hearing was held on July 19, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 73-95). Following the hearing, the ALJ determined that Ms. Boyce was not disabled within the meaning of the Social Security Act. (Tr. 137-48). On November 6, 2012, the Appeals Council ("AC") issued a decision remanding the case for further consideration. (Tr. 149-53). A second hearing was held on March 14, 2014. (Tr. 96-124). Following that hearing, the ALJ again determined that Ms. Boyce was not disabled. (Tr. 52-70). This time, the AC denied Ms. Boyce's request for review, so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency. (Tr. 1-7).

The ALJ found that Ms. Boyce suffered from the severe impairments of lumbar disc disease, obesity, diabetes, asthma, and cocaine and alcohol abuse. (Tr. 57). Despite these impairments, the ALJ determined that Ms. Boyce retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that she is further limited to: varying sitting and standing at will throughout the workday; routine, rote, unskilled work; and, needs to avoid pulmonary irritants.

*Myra Boyce v. Commissioner, Social Security Administration*
Civil No. SAG-15-2637
June __, 2016
Page 2

(Tr. 60). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Boyce could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 64-65).

Ms. Boyce raises several arguments on appeal: (1) that the ALJ assigned inadequate weight to the opinion of her treating physicians; (2) that the ALJ committed error under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (3) that the ALJ failed to support the RFC assessment with substantial evidence. Although two of the three arguments lack merit, I concur that the ALJ committed an error under *Mascio*, and remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Boyce is not disabled is correct or incorrect.

Beginning with the unsuccessful arguments, Ms. Boyce first contends that the ALJ assigned insufficient weight to the opinions of two treating physicians, Drs. Grey and Willis. Pl. Mot. 8-10. A treating physician's opinion may be afforded significantly less weight where it is not supported by clinical evidence or is inconsistent with other substantial evidence. *See Craig*, 76 F.3d at 590. In this case, the ALJ summarized Ms. Boyce's medical records, including the lack of any medically determinable impairment to cause her bilateral leg pain, and the results of consultative examinations that showed less severe symptoms than the descriptions from Ms. Boyce's treating physicians. (Tr. 58, 60-63). With respect to Dr. Grey, the ALJ summarized her opinion, but assigned it "little weight." (Tr. 63). The ALJ explained that the assignment was based on the contradictory record evidence and the fact that Dr. Grey herself stated repeatedly that she derived her opinion from Ms. Boyce's subjective reports. *Id.* In light of the fact that the ALJ found Ms. Boyce's subjective allegations to be less than credible, the assignment of "little weight" to Dr. Grey's opinion was supported by substantial evidence. The analysis of Dr. Willis's opinion was similar, although some of Dr. Willis's opinions were less severe than Dr. Grey's and were actually credited by the ALJ (for example, Dr. Willis's opinion that Ms. Boyce could sit for six hours instead of three hours in the course of a work day). (Tr. 63, 951). Specifically, the ALJ noted that Dr. Willis repeatedly cited "knee arthritis" as a reason for Ms. Boyce's limitations, although X-rays of Ms. Boyce's knees had been entirely normal. (Tr. 63, 951-52). Ultimately, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, for the reasons described above, the ALJ's decision meets that standard.

Ms. Boyce also argues that the ALJ did not adequately justify the RFC assessment. Pl. Mot. at 11-13. However, the ALJ cited to the consultative examination reports and opinions of the non-examining physicians, and explained why, in the ALJ's view, the record evidence supported a limitation to light work with a sit/stand option, rather than the similar but slightly varied assessments rendered by the State agency physicians. (Tr. 62-63). As noted above, the ALJ's opinion also explains why the evidence of record supports an assignment of little weight to the treating physicians. (Tr. 63). The ALJ's concluding statement that "the above residual functional capacity assessment is supported by the record evidence as a whole," (Tr. 63), would

be deficient standing alone, but in light of the surrounding analysis, the ALJ's opinion is supported by substantial evidence and is not subject to remand on that basis.

Ms. Boyce fares better with her *Mascio* argument. In *Mascio,* the Fourth Circuit held that that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal quotation marks and citations omitted) (joining the Third, Seventh, Eighth, and Eleventh Circuits). The Fourth Circuit indicated that an ALJ might cure his error by explaining why a step three finding of a moderate difficulty in concentration, persistence, or pace does not translate into a limitation in a claimant's RFC. *Id.* Like in *Mascio*, the ALJ in this case determined at step three that Ms. Boyce suffered from moderate difficulties in concentration, persistence, or pace, but in assessing Ms. Boyce's RFC, the ALJ limited her only to "routine, rote, unskilled work." (Tr. 59, 60).

As in other cases confronted by this Court in the wake of *Mascio*, it seems entirely possible that the ALJ may have erred by finding moderate, rather than mild or no, difficulties at step three. *See, e.g.*, *Powell v. Colvin*, Civil No. SAG-14-3233 (D. Md. Jun. 12, 2015). The ALJ's proffered reasons for finding moderate difficulties seem to support the notion that Ms. Boyce has little or no problems sustaining concentration. (Tr. 59-60). The Commissioner asserts that, "The ALJ's reasons for finding that Ms. Boyce had moderate difficulties in concentration, persistence, or pace were because of abnormalities in testing of concentration and memory, *not* because he found any limitation in or related to Ms. Boyce's ability to stay on task." Def. Mot. 11. However, the Commissioner cites no sources for that assertion, and I find it to be unsupported in the ALJ's opinion. Because the ALJ failed to explain her finding, I cannot discern why the ALJ appears to have reached contradictory conclusions about whether Ms. Boyce does or does not have moderate difficulties with concentration, persistence, or pace, and I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge